**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ANA MARIA GAVIRIA LORA,<br><br>Petitioner,<br><br>v.<br><br>GEO GROUP, INC., *et al*.,<br><br>Respondents. | Case No. 5:26-cv-00077-FWS-ACCV<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable Fred W. Slaughter, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Court recommends that Petitioner's request for habeas relief in the Petition be granted, in part.

**I. FACTUAL AND PROCEDURAL HISTORY**

Petitioner is a citizen of Colombia. (Dkt. No. 1, Petition at 5.) On or around March 19, 2023, Petitioner attempted to enter the United States near Lukeville, Arizona. (*Id*. at 5-6.) At that time, she came into contact with Department of Homeland Security personnel. (*Id*. at 6.) Two days later, Petitioner received a Notice to Appear for removal proceedings. (*Id*.) She was then released on an Order of Release on Recognizance. (*Id*.; Dkt. No. 2-3, Order of Release on Recognizance at 8

of 18.)  Since her release, Petitioner contends she has complied with Immigration and Customs Enforcement's ("ICE") reporting requirements and attended all required check-ins.  (Dkt. No. 1, Petition at 7.)

On December 12, 2025, Petitioner was detained at her ICE check-in.  (Dkt. No. 1, Petition at 3.)  Ultimately, she was transferred to the Adelanto ICE Processing Center in Adelanto, California, where she remains detained.  (*Id*. at 6.)

Petitioner filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on January 8, 2026.  (Dkt. No. 1, Petition.)  Petitioner argues, *inter alia*, that her detention violates her constitutional due process rights.  (*Id.* at 1-2, 11-12.)  The Petition seeks relief, *inter alia*, in the form of Petitioner's immediate release or an order directing Respondents to provide Petitioner with a bond hearing.  (*Id.* at 25.)

On January 8, 2026, Petitioner also filed a Motion for Temporary Restraining Order ("TRO Application").  (Dkt. No. 2, TRO Application.)  On January 9, 2026, Respondents filed their Opposition to the TRO Application.  (Dkt. No. 6, Opposition to TRO Application.)  On January 9, 2026, the Court granted, in substantial part, Petitioner's TRO Application ordering, *inter alia*, that Respondents are enjoined from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before January 16, 2026, at 9:00 a.m.  (Dkt. No. 7, TRO Order at 5-6.)  The Court ordered Respondents to show cause why a preliminary injunction should not issue on or by January 20, 2026.  (*Id*. at 6.)

On January 16, 2026, Petitioner received an in-custody redetermination hearing where the Immigration Judge denied Petitioner's request for change in custody status finding Petitioner was a "[r]isk of [f]light."  (Dkt. No. 8-1, Amended Order of the Immigration Judge at 1.)

On January 20, 2026, Respondents filed their Response.  (Dkt. No. 8, Response to TRO Order.)  On January 23, 2026, Petitioner filed her Reply to the Court's Order to Show Cause regarding a preliminary injunction.  (Dkt. No. 9, Reply to TRO Order.)

2

On January 26, 2026, the Court issued an order denying the preliminary injunction finding "[b]ased on the current record . . . Petitioner fails to make an adequate showing that a preliminary injunction directing her release is warranted at this time." (Dkt. No. 10, Order Denying Preliminary Injunction at 2.)  The Court also found "Respondents did not make a sufficient showing that the habeas petition is moot, including because Respondents failed altogether to meaningfully engage with any of the particular arguments Petitioner makes in this case." (*Id*. at 3.)

On January 27, 2026, the Court ordered Respondents to respond to the Petition. (Dkt. No. 11, Order Requiring Response to Petition.)  On April 16, 2026, Respondents filed their Answer to the Petition stating they "are not presenting an opposition argument at this time." (Dkt. No. 13, Answer to Petition at 2.)  Petitioner filed her Reply on April 28, 2026, requesting that the Court enter final judgment granting the petition "[i]n light of Respondents' decision to not oppose the petition." (Dkt. No. 14, Reply at 2.)[1]  Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested.

### III.  ANALYSIS

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d

---

[1] On May 19, 2026, this case was transferred from the calendar of Magistrate Judge Alicia G. Rosenberg to the calendar of Magistrate Judge Angela C. C. Viramontes for all further proceedings authorized by statute, local rules and general orders.  (Dkt. No. 15.)

3

439 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687-88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Petitioner's requested relief, *inter alia*, is a declaration that her continued detention violates the Due Process Clause of the Fifth Amendment and an order that she be released immediately.  (Dkt. No. 1, Petition at 26.)  In Respondent's Answer, Respondents plainly state, "Respondents are not presenting an opposition argument at this time." (Dkt. No. 13, Answer to Petition at 2.)  Given Respondents' concession, nothing more need be said.  *Singh v. Chiang*, No. ED CV 25-3024 FMO-SP, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).  Given Respondents' non-opposition, Petitioner's prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of her detention, the Court finds that it is appropriate to grant the Petition, in part, and order that Petitioner be immediately released on the same conditions of her Order of Release on Recognizance.  As this is Petitioner's most significant basis for relief, release from custody, the Court declines to address Petitioner's other claims.

In Respondent's Answer, Respondents plainly state, "Respondents are not presenting an opposition argument at this time."  (ECF No. 13, Answer at 2.)  The

Court takes this as a waiver of further briefing, and thus will immediately transmit this Report and Recommendation without the objection period afforded by 28 U.S.C. § 636, the Federal Rules of Civil Procedure, and the Local Rules.  *Cf. United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (holding that a district court has the discretion to shorten the objection period).

## V. RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; (2) directing that Judgment be entered granting the Petition, in part; and (3) issue a writ of habeas corpus requiring Respondents to immediately release Petitioner, ANA MARIA GAVIRIA LORA (A# 246 763 907), subject to the same conditions of her Order of Release on Recognizance.

DATED: May 28, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

5